MICHAEL R. GIBSON (Bar No. 199272)
Gibsonm@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West A Street, Suite 2600
San Diego, California 92101-7910
Telephone: (619) 236-1551
Facsimile:  (619) 696-1410

Attorneys for Plaintiffs WOODSTREAM
CORPORATION; SAFER, INC.;
and DYNAMIC SOLUTIONS WORLDWIDE, LLC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| WOODSTREAM CORPORATION; SAFER, INC.; and DYNAMIC SOLUTIONS WORLDWIDE, LLC.<br><br>Plaintiffs,<br><br>v.<br><br>NATANYA NACOLE MATIER,<br><br>Defendant. | Case No. 5:24-cv-02728<br><br>**COMPLAINT SEEKING STATEWIDE OR NATIONWIDE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT**

Plaintiffs Woodstream Corporation, ("Woodstream"), Safer, Inc. ("Safer") and Dynamic Solutions, Worldwide, LLC, ("Dynamic Solutions") by and through their attorneys, for their Complaint against defendant Natanya Nacole Matier ("Defendant" or "Matier") allege as follows:

### **Preliminary Statement**

1. This is an action for trademark counterfeiting infringement of Plaintiff's federally-registered trademark SAFER under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of patent infringement arising

under the patent laws of the United States, Title 35, United States Code, and copyright infringement arising under the copyright laws of the United States, Title 17, United States Code, all arising from the Defendant's unauthorized use of spurious designations identical to or substantially indistinguishable from Plaintiff's SAFER mark in connection with the manufacture, distribution, marketing, promotion, offering for sale, and/or sale of Defendant's counterfeit Indoor Plug-In Fly Traps and Fly Trap Refill Packs.

2. Plaintiff seeks injunctive and monetary relief.

## Jurisdiction and Venue

3. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Personal jurisdiction over Defendant is proper in this District for at least the following reasons: (1) Defendant has consented to the jurisdiction of this Federal District Court for the judicial district in which her address is located by her counter-notices to Amazon attached as Exhibit A. (2) Defendant is present in California and has availed herself of the rights and benefits of the laws of California; (3) Upon information and belief, Defendant has committed and continues to commit acts of counterfeiting and infringement in California; (4) Upon information and belief, Defendant has derived substantial revenue from the sales of Indoor Plug-In Fly Traps and Fly Trap Refill Packs in California; and (5) Defendant has purposefully established systematic and continuous business contacts with California and should reasonably expect to be brought into Court in this District.

5. Venue is proper under 28 U.S.C. §§ 1391 and 1400(b) because Defendant resides in the State of California. Upon information and belief, Defendant has transacted business in this District and has committed acts of counterfeiting and infringement in this District.

///

## Parties and Background

6. Woodstream is a Pennsylvania corporation, with a principal place of business at 29 E. King Street, Lancaster, PA 17602.

7. Safer, Inc. is Delaware corporation, with a principal place of business at 69 North Locust Street, Lititz, PA 17543. Safer, Inc. is a wholly owned subsidiary of Woodstream Corporation.

8. Dynamic Solutions Worldwide, LLC. is a Wisconsin limited liability company, with a principal place of business at 29 E. King Street, Lancaster, PA 17602 and is a wholly owned subsidiary of Woodstream Corporation.

9. Upon information and belief, Matier is an individual who resides at or has a principal place of business at 1921 S Lynx Ave Doct#FSX11, Ontario, CA 91761.

10. Upon discovery of the infringing activity on an Amazon storefront, "EnjoysBars" owned by Matier, Woodstream requested of Amazon that the infringing pages be taken down and concurrently notified Matier of the unauthorized infringing activity by letter dated November 19, 2024.

11. Matier responded to Amazon with counter notices but has not had any communication with Woodstream.

## The Asserted Trademark

12. Safer is the owner of valid and subsisting United States Trademark Registration No. 7,348,455 on the Principal Register in the United States Patent and Trademark Office (USPTO) for the SAFER (hereinafter "SAFER Mark") for Insect repellants Attached as Exhibit B is a true and correct copy of the registration certificate for Safer's United States Trademark Registration No. 7,348,455, which was issued by the USPTO on April 2, 2024.

13. Safer has used the SAFER Mark in commerce throughout the United States continuously since January 8, 2024 in connection with the manufacture, distribution, provision, offering for sale, sale, marketing, advertising, and promotion of insect repellents, traps, and refills (hereinafter "Goods"). Attached hereto as Exhibit C are photographs of representative samples of products showing Plaintiff's use of the SAFER Mark in connection with these products marked, "Counterfeit."

14. As a result of its widespread, continuous, and exclusive use of the SAFER Mark to identify its Goods and Safer as their source, Safer owns valid and subsisting federal statutory and common law rights to the SAFER Mark.

15. The SAFER Mark is distinctive to both the consuming public and Safer's trade.

16. Safer has expended substantial time, money, and resources marketing, advertising, and promoting the Goods sold under the SAFER Mark.

17. Safer, through its authorized distributors, distributes/provides and sells the Goods under the SAFER Mark in retail stores and online.

18. Safer has had substantial sales of its Goods under the SAFER Mark throughout the United States.

19. Safer offers and sells its Goods under its SAFER Mark to general consumers.

20. The Goods Safer offers under the SAFER Mark are of high quality made of superior plastic materials, LED, and electrical components.

21. As a result of Safer's expenditures and efforts, the SAFER Mark has come to signify the high quality of the Goods designated by the SAFER Mark, and has acquired incalculable distinction, reputation, and goodwill belonging exclusively to Safer.

## Defendant's Unlawful Activities

22. Upon information and belief, Defendant is engaged in business on an Amazon Storefront known as, "EnjoysBars," offering counterfeit goods.

23. Without Plaintiffs' authorization, and upon information and belief, beginning after Safer and Woodstream acquired protectable exclusive rights in its SAFER Mark, Defendant began using in commerce designations identical to and substantially indistinguishable from Plaintiffs' SAFER Mark in connection with Goods (the "Counterfeit Goods") in a manner substantially identical to Safer's use of the SAFER Mark in connection with its Goods. The Counterfeit Goods are identified by and being sold under product numbers SH502, SH502-2SR, SH503, SH506, and SH512.

24. Upon information and belief, without Plaintiffs' authorization, Defendant has engaged in the importation, distribution, advertising, promotion, offering for sale, and sale of the Counterfeit Goods throughout the US online through its Amazon storefront.

25. Woodstream purchased from Defendant through its Amazon Storefront the Counterfeit Goods bearing a designation substantially indistinguishable from Plaintiffs' SAFER Mark. Attached hereto as Exhibit D are true and correct images of the Counterfeit Goods that the Plaintiff purchased from Defendant.

26. Woodstream inspected and confirmed that the Counterfeit Goods are a counterfeit reproduction of its Goods sold under the SAFER Mark. Exhibit D shows side by side comparisons of the Goods and Counterfeit Goods noting indicia of counterfeiting.

27. Woodstream also determined that the counterfeit product sample is inferior in quality to Plaintiff's Goods sold under the SAFER Mark because of deviations from molding specification and use of internal components

which are different from those specified by Safer.

28. At all relevant times and in furtherance of its counterfeiting and infringing activities, Defendant has willfully and intentionally used and will continue to use a spurious designation indistinguishable from Plaintiffs' SAFER Mark on and in connection with the Counterfeit Goods.

29. Defendant's counterfeiting and infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Counterfeit Goods and have deceived and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's Counterfeit Goods originate from, are associated, or affiliated with, or are otherwise authorized by Plaintiffs.

30. Defendant's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiffs and to their valuable reputations and goodwill with the consuming public for which Plaintiffs have no adequate remedy at law.

## The Asserted Patent

31. United States Patent Number 11,470,832 ("the '832 Patent"), entitled "Plug-In Insect Trap With Replaceable Adhesive Card", was duly and legally issued on October 18, 2022. Attached as Exhibit E is a true and correct copy of the '832 Patent.

32. The '832 Patent claims, among other things, a plug-in insect trap.

33. Dynamic Solutions is the owner of the '832 Patent.

## Defendant's Infringing Products and Activities

34. Upon information and belief, Defendant has and will continue to infringe the '832 Patent by using, selling, and offering for sale the Counterfeit Goods in the United States and importing into the United States the

Counterfeit Goods that embody or use the invention claimed in the '832 Patent.

35. Upon information and belief, Defendant has been and is inducing infringement of the '832 Patent by actively and knowingly inducing others to use the Counterfeit Goods, especially by offering the Fly Trap Refill Packs, SH503, SH 506, and SH512 that embody or use the inventions claimed in the '832 Patent.

36. Woodstream has purchased the Counterfeit Goods and determined that they literally infringe at least one claim of the '832 Patent.

## The Asserted Copyright

37. The Copyrighted Work is an original Safer Home Glue Card Design containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. seq.

38. Woodstream's employees created the Copyrighted Work on or around November 21, 2021 as part and within the scope of their employment with Woodstream . Because the Copyrighted Work is a work made for hire within the scope of Employees' employment with Plaintiff, Woodstream owns any and all copyright rights in the Copyrighted Work.

39. The Copyrighted Work is wholly original, and Woodstream is the exclusive owner of all rights, title, and interest, including all rights under copyright, in the Copyrighted Work.

40. Woodstream is the owner of valid and subsisting United States Copyright Registration No. VA 2-385-220 for the Copyrighted Work, issued by the United States Copyright Office on February 27, 2024. Attached as Exhibit F is a true and correct copy of the registration certificate for Woodstream's Registration No. VA 2-385-220.

///
///

41. The Copyrighted Work is of significant value to Woodstream because it is part of a successful line of fly trap products included in the Goods.

**Defendant's Infringing Products and Activities**

42. On information and belief, Defendant is engaged in offing the Counterfeit Goods on Amazon in its EnjoysBars storefront.

43. Defendant has sold identical copies of the Copyrighted Work thought its EnjoysBars storefront.

44. Defendant's use of the Copyrighted Work is without Plaintiff's authorization, consent, or knowledge, and without any compensation to Plaintiff.

45. On information and belief, Defendant's identical copying and exploitation of the Copyrighted Work was willful, and in disregard of, and with indifference to, the rights of Plaintiff. On further information and belief, Defendant's intentional, infringing conduct was undertaken to reap the benefits and value associated with the Copyrighted Work. By failing to obtain Woodstream's authorization to use the Copyrighted Work or to compensate Woodstream for the use, Defendant has avoided payment of license fees and other financial costs associated with obtaining permission to exploit the Copyrighted Work, as well as the restrictions that Woodstream is entitled to and would place on any such exploitation as conditions for Woodstream's permission, including the right to deny permission altogether.

46. On November, 19, 2024, Plaintiffs sent a cease and desist letter to Defendant objecting to Defendant's unauthorized activity. Attached hereto as Exhibit G is a true and correct copy of Plaintiff's November, 19, 2024 cease and desist letter to Defendant.

47. Concurrently with the cease and desist letter, Plaintiffs requested takedown of the unauthorized activity from Amazon.

48. To date, Amazon has temporarily taken down the unauthorized activity for a limited 10 day period, Plaintiffs have received no response to its cease and desist letter and, after reasonable inquiry, has no evidence that Defendant will comply with the demands set out in its cease and desist letter after the temporary takedown.

49. As a result of Defendant's actions described above, Plaintiffs have been directly damaged, and are continuing to be damaged, by the unauthorized sale of the Copyrighted Work. Defendant has never accounted to or otherwise paid Woodstream for its use of the Copyrighted Work.

50. Defendant's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiffs for which Plaintiffs have no adequate remedy at law.

## COUNT ONE

## Counterfeiting and Trademark Infringement

51. Plaintiffs repeat and realleges paragraphs 1 through 48 hereof, as if fully set forth herein.

52. Defendant's unauthorized use in commerce of a spurious designation that is identical to or substantially indistinguishable from Plaintiffs' SAFER Mark, on and in connection with the Counterfeit Goods as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of the Counterfeit Goods, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods are sold, authorized, endorsed, or sponsored by Plaintiffs, or that Defendant is in some way affiliated with or sponsored by Plaintiffs. Defendant's conduct therefore constitutes counterfeiting and trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

53. Upon information and belief, Defendant has committed the foregoing acts of counterfeiting and infringement with full knowledge of

Plaintiffs' prior rights in the SAFER Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

54. Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiffs, and to their goodwill and reputation, and will continue to both damage Plaintiffs and confuse the public unless enjoined by this court. Plaintiffs have no adequate remedy at law.

55. Plaintiffs are entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, statutory damages, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with prejudgment and post-judgment interest.

## COUNT TWO
## Federal Unfair Competition

56. Plaintiffs repeat and realleges paragraphs 1 through 53 hereof, as if fully set forth herein.

57. Defendant's unauthorized use in commerce of a spurious designation that is identical to or substantially indistinguishable from Plaintiffs' SAFER Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods are sold, authorized, endorsed, or sponsored by Plaintiffs, or that Defendant is in some way affiliated with or sponsored by Plaintiffs.

58. Defendant's unauthorized use in commerce of a spurious designations that is identical to or substantially indistinguishable from Plaintiffs' SAFER Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

59. Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake,

or deception as to the affiliation, connection, or association of Defendant with Plaintiffs.

60. Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

61. Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiffs, and to their goodwill and reputation, and will continue to both damage Plaintiffs and confuse the public unless enjoined by this court. Plaintiffs have no adequate remedy at law.

62. Plaintiffs are entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with prejudgment and post-judgment interest.

## COUNT THREE

## Infringement of U.S. Patent No. 11,470,832

63. Plaintiffs repeat and realleges paragraphs 1 through 60.

64. Upon information and belief, Defendant has imported, used, offered to sell, sold and may now or in the future import, make, use and/or sell, in the United States and in California, an invention described and claimed by the '832 Patent without authority or approval, with the importation, use, and sale of at least its Counterfeit Goods shown in Exhibits C and D.

65. Upon information and belief, Defendant has been and is inducing infringement of the '832 Patent by actively and knowingly inducing others to use at least its Refill Packs shown which embody or use the invention claimed in the '832 Patent.

///

66. Defendant's activities in connection with the above-identified acts constitute infringement of the '832 Patent pursuant to the provisions of 35 U.S.C. § 1, *et seq.*

67. Defendant is liable for direct infringement and inducing infringement of the '832 Patent pursuant to 35 U.S.C. § 271(a) and (b).

68. Upon information and belief, Defendant's infringement has been, and continues to be deliberate, knowing, and willful.

69. Defendant's acts of infringement of the '832 Patent have caused and will continue to cause Plaintiffs damages for which Plaintiffs are entitled to compensation pursuant to 35 U.S.C. § 284.

70. Defendant's acts of infringement of the '832 Patent have caused and will continue to cause Dynamic Solutions immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. Dynamic Solutions has no adequate remedy at law.

71. This case is exceptional and, therefore, Dynamic Solutions is entitled to an award of attorneys fees pursuant to 35 U.S.C. § 285.

## COUNT FOUR
## Federal Copyright Infringement

72. Plaintiffs repeat and realleges paragraphs 1 69 hereof, as if fully set forth herein.

73. The Copyrighted Work is an original Safer Home Glue Card Design containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. seq. Woodstream is the exclusive owner of rights under copyright in and to the Copyrighted Work. Woodstream owns a valid copyright registration for the Copyrighted Work, attached as Exhibit F.

74. Through Defendant's conduct alleged herein, including Defendant's sale of the Copyrighted Work without Plaintiff's permission,

Defendant has directly infringed Woodstream's exclusive rights in the Copyrighted Work in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

75. On information and belief, Defendant's infringing conduct alleged herein was and, unless enjoined, will continue to be willful and with full knowledge of Woodstream's rights in the Copyrighted Work, and has enabled Defendant illegally to obtain profit therefrom.

76. As a direct and proximate result of Defendant's infringing conduct alleged herein, Woodstream has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Woodstream is also entitled to recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales of the Copyrighted Work and products incorporating or embodying the Copyrighted Work, and an accounting of and a constructive trust with respect to such profits.

77. Alternatively, Woodstream is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), for Defendant's willful infringing, and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

78. Woodstream further is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

79. As a direct and proximate result of the Defendant's infringing conduct alleged herein, Woodstream has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. On information and belief, unless Defendant's infringing conduct is enjoined by this Court, Defendant will continue to infringe the Copyrighted Work. Woodstream therefore is entitled to preliminary and permanent injunctive relief restraining and enjoining Defendant's ongoing infringing conduct.

**Request for Relief**

Wherefore, Plaintiff requests judgment against Defendant as follows:

a. Adjudging that Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114);  Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)); and that Defendant has infringed the '832 Patent, in violation of 35 U.S.C. § 271(a) and (b); and that Defendant has violated Section 501 of the Copyright Act (17 U.S.C. § 501).

b. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from:

  i. manufacturing, importing distributing, displaying, marketing, advertising, promoting, selling, or using any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that bear, display, or use Plaintiffs' SAFER Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiffs' SAFER Mark;

  ii. engaging in any activity that infringes Plaintiffs' rights in its SAFER Mark;

  iii. engaging in any activity constituting unfair competition with Plaintiffs;

  iv. making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's goods or services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected

with Plaintiffs or (ii) Plaintiffs' goods or services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant;

v. using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiffs or tend to do so;

vi. registering or applying to register any trademark, service mark, domain name (regardless of ccTLD or gTLD), trade name, or other source identifier or symbol of origin consisting of or incorporating the SAFER Mark or any other mark that infringes or is likely to be confused with Plaintiffs' SAFER Mark, or any goods or services of Plaintiffs, or Plaintiffs as their source;

vii. in connection with any sponsored advertising on the internet, purchasing the SAFER Mark or any other mark that is a counterfeit, copy, simulation, SAFER Mark, or using any of these marks in any source code or otherwise using the marks in such a way that a search for Plaintiffs on the internet will cause any domain name or website of Defendants to appear in search results;

viii. secreting, destroying, deleting, altering, or removing any books, records, or documents (electronic or otherwise) that contain any information relating to the manufacturing, importing, distributing, marketing, promoting, offering for sale,

or selling of the Counterfeit Goods or any other products that bear, contain, display, or use Plaintiffs' SAFER Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiffs' SAFER Mark;

 ix. infringing, contributing to the infringement of, or inducing infringement of the '832 Patent;

 x. manufacturing, distributing, marketing, advertising, promoting, displaying, or selling or authorizing any third party to manufacture, distribute, market, advertise, promote, display, or sell the Copyrighted Work and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Work; and

 xi. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (i) through (xi).

c. Ordering Defendant to direct all manufacturers, importers, distributors, retailers, wholesalers, and other persons and entities that distribute, advertise, promote, sell, or offer for sale the Counterfeit Goods including Copyrighted Works to cease forthwith the manufacture, distribution, marketing, advertising, promotion, sale, and/or offering for sale of the Counterfeit Goods and any and all goods, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that bear, contain, or display the SAFER Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's SAFER Mark, and to immediately remove them from public access and view.

    d. In accordance with Section 36 of the Lanham Act, 15 U.S.C. § 1118, directing that Defendant, at its own expense, recall and deliver up to Plaintiff's counsel for destruction all Counterfeit Goods, including Copyrighted Works, and any and all other goods, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that bear, contain, or display the SAFER Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's SAFER Mark, that are in Defendant's possession, custody, or control and all means of making the same.

    e. Ordering Defendant to permanently delete and remove from all online auctions, online marketplaces, search engines, blogs, social media, or websites on or through which Defendant has advertised or sold Counterfeit Goods or that are within Defendant's control, all listings for or references to any Counterfeit Goods, or any other products that bear, contain, or display Plaintiffs' SAFER Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiffs' SAFER Mark.

    f. Ordering Defendant to make all books, records, including electronic records, and other documents concerning the manufacture, distribution, importation, advertisement, or sale of the Counterfeit Goods available to Plaintiffs for review, and supply Plaintiff with a complete list of entities and persons from which Defendant purchased and to which Defendant distributed and/or sold the Counterfeit Goods or any other products confusingly similar to Plaintiff's products or that otherwise bear, contain, or display Plaintiffs' SAFER Mark or any other mark that is a counterfeit, copy,

simulation, confusingly similar variation, or colorable imitation of Plaintiffs' SAFER Mark.

g. Pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), directing Defendant to file with the court and serve upon Plaintiffs' counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the court may direct, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied therewith.

h. Ordering Defendant to account and pay damages adequate to compensate Plaintiffs for Defendant's infringement of the '832 Patent, and the Copyrighted Work including pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

i. Ordering an accounting for any infringing sales not presented at trial and an award by the Court of additional damages for any such infringing sales;

j. Ordering that the damages award be increased up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284; and 15 U.S.C. §§ 1117(a), (b);

k. Awarding Plaintiffs, at Plaintiffs' election, statutory damages of $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, pursuant to 15 U.S.C. § 1117(c);

l. Declaring this case exceptional and awarding Plaintiffs their reasonable attorney fees, pursuant to 35 U.S.C. § 285;

m. Awarding Plaintiffs interest, including prejudgment and post-judgment interest, on the foregoing sums; and,

n. Awarding such other and further relief as this Court deems just and proper.

///

# JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a jury trial on all issues so triable.

Dated:  December 27, 2024        HIGGS FLETCHER & MACK LLP


By:    */s/ Michael R. Gibson*
MICHAEL R. GIBSON
Attorneys for Plaintiffs WOODSTREAM CORPORATION; SAFER, INC.; and DYNAMIC SOLUTIONS WORLDWIDE, LLC.